102 November 19, 2025 No. 996

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WARREN RAYMOND IDZERDA,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR30792; A183448

Rima I. Ghandour, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for misdemeanor driving while suspended or revoked, ORS 811.182(1), after a conditional guilty plea that reserved the right to challenge the trial court's pretrial evidentiary ruling. On appeal, defendant assigns error to the trial court's admission under the OEC 803(8) public records hearsay exception of a "suspension packet" by the Driver and Motor Vehicle Services Division of the Oregon Department of Transportation (commonly known as the DMV). The suspension packet documented the date on which defendant's driving privileges were revoked. The court admitted the suspension packet as an exhibit over defendant's motion *in limine* challenging the admissibility of the entire document. Defendant also contends that the admission of the packet violated his confrontation rights under Article I, section 11, of the Oregon Constitution, because the state failed to produce a witness to testify as to the statements within the packet or to show that the witness was unavailable. We affirm.

We recently rejected both of defendant's arguments in *State v. Serini*, 339 Or App 68, 566 P3d 1199 (2025). In that case, we held that a generalized objection to the admissibility of a suspension packet will not be sustained if any portion of the challenged document is admissible, and that, under OEC 803(8), a statement in the suspension packet of a defendant's official driving record regarding the date that his license was suspended is admissible as an official record of a public agency setting forth agency activities. *Id.* at 79-81. Here, as in *Serini*, the portion of the suspension packet documenting the date of defendant's license revocation is admissible under OEC 803(8).

We also held in *Serini* that the admission of the suspension packet does not implicate a defendant's confrontation clause protections in the Oregon Constitution. *Id.* at 80. We explained that, under the "official records doctrine," information concerning the date of suspension of a person's driving privileges is not considered a "witness" statement for purposes of Article I, section 11, because it is an out-of-court statement by a public official that is "'confined to

matters that the officer is bound by administrative duty to report'" and that does "'not include investigative or gratuitous facts or opinions.'" *Id.* (quoting *State v. Copeland*, 353 Or 816, 839, 306 P3d 610 (2013)). Here, it is doubtful that defendant preserved his state confrontation clause arguments given the nature of his arguments to the trial court. However, even assuming that defendant preserved his state confrontation clause objection, we reject it for the same reasons articulated in *Serini*.[1]

Affirmed.

---

[1] Defendant does not raise a federal constitutional challenge on appeal.